UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

----------------------------------------------------------X

JENNIFER VALYS
Plaintiff

v. CA No.:06-137S

GRETA COTTRELL
Defendant

----------------------------------------------------------X

**Plaintiff's Pretrial Memorandum**

A. Plaintiff expects to prove the following:

That on or about October 5, 2005, the plaintiff, Jennifer Valys was operating her motor vehicle lawfully upon Route 101 in Scituate, Rhode Island. Ms. Valys' vehicle was a red Nissan Sentra, model year 2003. She was traveling within the posted speed limit of 50 miles per hour. There is a traffic signal that controls the intersection of Route 101 and Route 102. The traffic signal for Jennifer Valys was green. At the intersection a collision occurred with a blue Toyota. The blue Toyota truck was operated by the defendant Greta Cottrell. Greta Cottrell operated her vehicle through a red light and in violation of law, carelessly, causing the collision in issue.

The collision occurred at a significant speed. The air bag in the vehicle of Jennifer Vays deployed.

Greta Cottrell has stated at first that the traffic light for her "must have been green". Subsequently she stated that the traffic light was green for her.

There were witnesses to this collision. They are Walter Lewis and his wife, Kim Lewis. On the date of the collision they were interviewed by Patrolman Brendan Moore of the Scituate Police Department. Each gave individual written statements to Patrolman Moore that they signed. They are now officially annexed to the State of Rhode Island Uniform Accident Report. These witnesses support Jennifer Valys' version of the events.

Both parties have sought to locate these witnesses in order to conduct their depositions. These witnesses could not be located. Attached is an Affidavit of my paralegal Suzanne LaPlume, delineating the efforts made by this office to locate these witnesses and serve them with subpoenaes. Annexed to her affidavit are documents indicating our request through the United States Post Office, an affidavit from a "skip tracer" that we hired and an Affidavit from a constable who was sent by this office to two locations to attempt to locate Mr. And Mrs. Lewis, interview neighbors from two last known addresses in an attempt to locate them. These efforts were without success.

The defendant at first told the police “it must have been green” and that she had been recently reprimanded for being late to work and didn’t want to be late again. These statements were made to the Police Officer and are part of the Accident Report.

Plaintiff expects to prove that the negligence and carelessness of Greta Cottrell in the operation of her motor vehicle was a proximate cause of the injuries and damages suffered by Jennifer Valys.

Jennifer was taken by ambulance to Rhode Island Hospital.

Jennifer Valys has suffered significant personal injuries as a result of this collision. Ms. Valys suffered three compression fractures with permanent compression deformity of T11, T 12 and L1 in this collision as demonstrated by MRI. She has “chronic mechanical low back pain” as a result of this accident and has 13% impairment of the whole person. Considering that Ms. Valys was only 21 on the date of this collision the plaintiffs are of the opinion that this is a significant claim.

Jennifer Valys incurred special damages. These include include hospital and ambulance expenses, radiology expenses, physicians expenses, and physical therapy expenses. The total of special damages are approximately $14,830.00 to date.

B. The Plaintiff expects to call the following witnesses:

Plaintiff expects to call Police Officer Moore as a witness to discuss his response to the accident, the content of the witness statements and the manner in which he obtained the witness statements, the scene of the accident, the damage to the vehicles.

The plaintiff will testify concerning the manner in which the collision occurred and the damages she has suffered.

The plaintiff also expects to call Frank Broadfield as a witness. He was stopped in a vehicle at the intersection of Routes 101 and 102 when the collision occurred. He will testify to what he observed and overheard on that day.

The plaintiff may call one or both of plaintiff's parents to testify about the effect of the injury on the plaintiff.

The plaintiff may call Timothy Cooper, M.D., the treating physician of Jennifer Valys both prior and subsequent to the collision in issue, as an expert witness, to discuss the impact of the collision on his patient and to testify as to proximate cause.

The plaintiff may call Joseph F. O'Keefe, M.D., a physician Board Certified in the field of Rehabilitation Medicine who has followed Jennifer Valys for back pain. Dr. O'Keefe will testify as an expert as well as a treating physician. He is expected to offer opinions as to the issues of proximate cause, diagnosis, prognosis, permanent impairment.

The plaintiff may call the defendant as a witness

C. The Plaintiff expects to Introduce the the following Exhibits:

State of Rhode Island Police Report dated October 5, 2005
Several photographs of the Plaintiff Jennifer Valys' vehicle after the accident
Several photographs of the scene of the accident
Rhode Island Hospital Emergency Room record dated October 5, 2005
Records for treatment with Dr. Timothy Cooper dated January 5, 2000 through March 16, 2006
Records for treatment with Day Kimball Hospital Physical Therapy dated Record for treatment with Dr. Stephen Solomon dated October 14, 2005
Original radiology studies dated January 5, 2006 and January 16, 2006
Record for treatment with Dr. Christian Dee dated January 17, 2006
Records for treatment with Dr. Joseph O'Keefe dated May 9, 2006 through January 29, 2007

Plaintiff will introduce bills for medical treatment, devices and services:

TENS Unit $687.46
Ambulance $462.50
Rhode Island Hospital-University ER $366.00
$1,462.80 (4/10/06, 5/20/06, 6/20/06 7/20/06)
Physical therapy 1/20/06 114.57
7/28/06 $204.00 (James Henegan, MD – day kimball)
6/20/06 $2173.00 (rehavilicare inc)
3/20/06 687.46 (rehabilicare Inc)
January 5, 2006 Day Kimball $1,614.72
Day Kimball 1/16/06 $425.05
Day Kimball 1/17/06 $165.12
Dr. Christian Dee January 17, 2006 $340.00
Joseph O'Keefe 8/8/06 1/29/07 $455.00
Joseph O'Keefe 5/9/06 $260.00
1/16/06 Team Physicians of CT $94.00
1/5/06 Team Physicians of CT $460.00
Day Kimball 11/4/05,11/9/05,11/11/05,11/15/05, 11/18/05,11/21/05,11/25/05, 11/30/05 $1138.00
Day Kimball 12/2/05,12/6/05,12/8/05,12/14/05,12/16/05,12/21/05,12/23/05,12/29/05,12/30/05 $690.00
Timothy Cooper, MD 1/16/06 $75.00
Day Kimball 1/5/06 $949.84
Timothy Cooper 11/25/05 $75.00
Timothy Cooper 10/14/05 $90.00
RIMI 10/5/05 $25.00
Timothy Cooper 11/14/05 $140.00
RI Hospital 10/5/05 $642.00

Day Kimball 7/28/06 $110.01
Timothy Cooper 7/28/06 $75.00
Timothy Cooper 6/9/06 $75.00
Team Physicians of CT 1/5/06 $460.00
Timothy Cooper 3/13/06 $75.00
Day Kimball 1/4/06, 1/6/06, 1/11/06,1/18/06, 1/20/06,$240.00

D. The plaintiff does not anticipate filing motions in limine

E. This case is to be tried before a jury.

The plaintiff respectfully requests the following charges to the Jury:

BURDEN OF PROOF ON DEFENDANT IN COMPARATIVE NEGLIGENCE:

In this case the defendant has made the claim that the plaintiff was negligent and that the plaintiff's own negligence was either the sole cause or a proximate cause of the harm done to plaintiff. Because the defendant raises this claim, the defendant has the burden of proving the plaintiff's negligence. All of my instructions then regarding burden of proof and standard of proof apply to the defendant's claim that the plaintiff was negligent. You will see that this is quite logical. If the burden of proof is on an individual making a claim, then it makes no difference whether it is the plaintiff who claims that the defendant was negligent or whether it is the defendant who claims that that the plaintiff was negligent. Each bears the burden of proving that the other was negligent.

Model Civil Jury Instructions for Rhode Island 301.4

PREPONDERENCE OF THE EVIDENCE

In this case the level of proof required is proof by a preponderance of the evidence To prove something by a preponderance of the evidence means to prove that something is more likely so than not so. In other wprds, a prepnderance of the evidence in the case means such evidence as, when considered with that opposed to it, has more convincing force, and produces in your minds a belief that what is sought to be proved is more likely true than not true. Where the evidence adduced either for or against a certain proposition outweighs the opposing evidence, that evidence is said to preponderate. So, proof by a preponderance of the evidence means proof by the greater weight of the evidence. In other words a claim must be proved by evidence that weighs more persuasively in the minds of jurors. In proving his claim, a plaintiff must prove each and every element of that claim by a preponderance of the evidence.

Model Civil Jury Instructions for Rhode Island 302.1

HIGHER LEVEL OF CERTAINTY NOT REQUIRED

To carry a burden of proof by a preponderance of the evidence does not, of course, require proof to an absolute certainty or even to a near certainty. Proof to an absolute certainty is seldom possible in any case. In a civil action such as this, it is proper

to find that a party has succeeded in carrying the burden of proof on an issue if, after considering all the evidence in the case, the jurors believe that what is sought to be proved on that issue is more likely true than not.

Model Civil Jury Instructions for Rhode Island 303.4

INFERENCES EXPLAINED

An inference is a deduction of fact that may be logically and reasonably drawn from other facts that you find have been proved at trial. As jurors you are permitted to make inferences of fact from those facts that you find have been proved in the case. In order for you to properly draw an inference, however, you must first find that the underlying facts from which the inference flows have been proved by a preponderance of the evidence and you must find that the facts to be inferred are, indeed, reasonably inferred. An inference is reasonable when the facts proved in the case point to one conclusion of fact as being more natural and plausible than the other conclusions that might be drawn. It is not required that all other possible conclusions inferable from the same basic facts be completely excluded but the conclusion of fact which the jury draws must be the more natural and plausible conclusion and must be founded on trial evidence. On the other hand, an inference must be negated where other facts or conclusions are of such probability and degree as to render the proposed conclusion of fact no more natural and plausible than another.

Model Civil Jury Instructions for Rhode Island 402.1

STANDARD OF CARE

Negligence involves a lack of reasonable care that ordinarily should be exercised under the same or similar circumstances. We often call it ordinary care. Ordinary care is the care that a reasonably careful person would use under the circumstances that you find existed in this case.

Ordinary care is not an absolute term. It is a relative term. The degree of care required may vary with the circumstances. You see the greater the risk of harm posed by the circumstances, the higher degree of care necessary to constitute ordinary care. So, in deciding whether ordinary care was exercised by a person in a given situation, that person's conduct must be viewed in light of all the circumstances as shown by the evidence. As the apparent risk of harm or injury increases, so too, must the degree of care to be exercised in order to constitute ordinary care.

Model Civil Jury Instructions for Rhode Island 1001.3

? 403.2?

PROXIMATE CAUSE

Negligence and the legal term “proximate cause” work together. We refer to “proximate cause” as a necessary element of negligence. The concept is that even if a person has been negligent that person will not be held responsible or liable unless that negligent conduct caused actual harm to someone else. If a person is negligent but that negligence is not a substantial or moving cause of some harm, then the person should not be held responsible for his or her negligence. Only where the person's negligence causes

harm do we hold the person responsible for that harm. There must be a link or connection between the negligence and the harm in order to hold a person responsible.

The questions is to what extent did the negligent conduct cause the harm? The law requires that the connection or link between the negligent conduct and the resulting harm be legally sufficient, that is something more than insubstantial or insignificant. Proximate cause means a cause that in a natural continuous and unbroken sequence produces an even or injury and without which the event or injury would not have occurred. The proximate cause of an event or injury is a substantial, primary or moving cause without which the event would not have happened. Causes that are merely incidental are not proximate causes. Unless the defendant's negligence is a proximate cause of some harm caused to the plaintiff then the defendant cannot be held responsible to the plaintiff for negligence.

A cause that is a proximate cause may be the sole or only cause of an event or injury. OR it may be one of two or more or even several causes of an event or injury some of which are a proximate cause and some of which are not. A cause is a proximate cause even if it comes together or unites with some other cause and produces the event or injury. The test is whether the particular cause at issue is a substantial cause or whether it is merely incidental.

If you find the defendant was negligent you must then consider whether the negligence was a proximate cause of the plaintiff's injuries.

Model Civil Jury Instructions for Rhode Island 1001.4

If you find that the defendant is liable to the plaintiff for the incident and/or accident that occurred, then you must consider the question of damages. Damages are defined in law as that amount of money that will compensate an injured party for the harm or loss that she has sustained. The rationale behind compensatory damages is to restore a person to the position she was in prior to the harm or the loss. Compensatory damages then, is the amount of money which will replace, as nearly as possible, the loss or harm caused to the person.

Model Civil Jury Instructions for Rhode Island 10001

Plaintiff is entitled to recover the reasonable expenses of her medical care, treatment and attendance as an element of damages. In awarding damages for medical care, treatment and attendance, you must consider whether the plaintiff has proved two things. First, whether the medical costs claimed by the plaintiff were medically reasonable. Second, whether those costs were necessarily incurred in providing care, treatment and medical attendance. In assessing damages you should consider evidence that establishes that plaintiff's medical treatment was necessary as a result of the incident, and you may consider evidence that establishes the reasonable charge for that treatment.

Model Civil Jury Instructions for Rhode Island 10002.1.1

Plaintiff is entitled to be compensated for the conscious pain and suffering that she has endured as a result of this accident.

I will define pain and suffering for you. Pain means physical pain, the kind that resulting from a physical impact or injury. It includes what we ordinarily think about as

physical pain as well as discomfort, stiffness, and restriction of bodily motion that is caused by the pain or discomfort brought about by moving. Pain must be conscious pain, that is something that the plaintiff was aware of. The law does not allow a jury to award damages for pain to a person while that person is unconscious.

Suffering, on the other hand, can be equated with what we sometimes call the mental anguish that arises from physical pain or injury to the body. Suffering means recognizing the pain, the danger resulting from the pain, the knowledge that the pain and treatment for it will continue. If you find the plaintiff has proven that in addition to physical pain, she has experienced fright, anguish, nervousness, worry, humiliation, embarrassment, shock or terror, the plaintiff is entitled to recover for this mental suffering.

In awarding any damages to the plaintiff for pain and suffering, you must be fair and reasonable. And, it must be grounded in the evidence and not based upon speculation or conjecture. Nor may you arbitrarily pick some amount. Your award for pain and suffering should be based on the evidence that has been presented to show just how much pain and suffering the plaintiff has endured as a result of her injuries.

Model Civil Jury Instructions for Rhode Island 10002.2.1

The plaintiff is entitled to be compensated for the pain and suffering she has endured as a result of this accident. There is no particular formula by which to compute damages for a plaintiff's pain and suffering. There are no objective guidelines by which you can measure the money equivalent of this element of injury; the only real measuring stick, if it can be so described, is your collective conscience. You should consider all the evidence bearing on the nature of the injuries, the certainty of future pain and the severity and likely duration thereof.

In determining what amount to award the plaintiff for pain and suffering, you should consider all of the facts and circumstances proved at trial including:

the type and extent of injuries the plaintiff sustained;
the extent of the severity of those injuries;
the length of time the plaintiff sought and received medical treatment;
the nature of the medical treatment received;
whether the plaintiff's injuries are temporary or permanent.

You may also consider the testimony of plaintiff in describing the nature of her pain, the intensity of the pain and how the pain affected the plaintiff's ability to do everyday activities. You may also consider any other evidence showing any objective manifestations of pain such as the medical records, other exhibits and the testimony of the witnesses.

Model Civil Jury Instructions for Rhode Island 10002.2.2

In this case, the plaintiff has alleged that she will continue to experience pain and suffering into the future as a result of the injuries sustained from the accident. In order to recover for future pain and suffering the plaintiff must prove that she is reasonably certain to experience future pain and suffering. Your award for future pain and suffering cannot be based on possibilities or speculation. You must determine whether there is medical evidence establishing to a reasonable certainty that the plaintiff will endure pain

and suffering into the future as a result of her injuries. And, as with past and present pain and suffering, you must consider the evidence that shows the extent and severity of the pain and suffering that plaintiff is reasonably certain to endure in the future.

Model Civil Jury Instructions for Rhode Island 10002.2.4

Plaintiff is entitled to be compensated for the bodily injury that she sustained as a proximate result of the accident and for any impairment or disability that resulted from those bodily injuries. How much, if anything, she should be compensated for bodily injury and impairment is for the jury to decide.

This injury to the body is different from the pain and suffering that you may find was caused by the bodily injury. I have discussed pain and suffering with you. In determining what amount to award the plaintiff for bodily injury and resulting impairment, there are a number of factors that you should consider including:

the type of physical injuries that the plaintiff sustained;

the extent and severity of those injuries;

whether the injuries are temporary or permanent;

the length of time the plaintiff required or will require medical treatment or care;

the degree to which the physical injury and impairment have effected or interfered with the plaintiff's day to day functioning, including her ability to enjoy her life, relationships and ordinary activities; and

the degree to which the physical injury and impairment will affect or interfere with the plaintiff's day to day functioning in the future, including her ability to enjoy her life, relationships and ordinary activities in the future.

The plaintiff has testified that she regularly enjoyed horseback riding and is unable to engage in that activity any longer due to the injuries suffered in this collision

You should consider these factors together with all of the facts and circumstances that you find were proved at trial.

Model Civil Jury Instructions for Rhode Island 10002.5

The defendant must take the plaintiff as she finds the plaintiff at the time of the accident. If the plaintiff had a physical condition prior to the accident that caused plaintiff to endure more pain and suffering or suffer a greater injury as a result of the accident than an ordinary person in good health would have endured, the defendant nevertheless is liable to the plaintiff for all the pain suffering, bodily injury and damages that resulted from the defendant's negligence. This includes all of the pain and suffering resulting from the aggravation of a pre-exising medical condition.

It is unimportant that the condition pre-existed the accident. The defendant is liable for the natural and probable consequences of her negligence including aggravation of a pre-existing condition.

Model Civil Jury Instructions for Rhode Island 10004.2

Dated at Pawtucket RI
April 23, 2007

Respectfully Submitted
/s/Bennett J. Bergman
Bennett J. Bergman (RI Bar 5364)
Attorney for Plaintiff
750 East Avenue
Pawtucket, RI 02860
Tel. 401-723-1010
Fax: 401-723-2020

**CERTIFICATION**

I hereby certify that a true and accurate copy of the above document will be forwarded via the ECF system to Anthony Gianfrancesco, Esq. On this 23rd day of April, 2007.

/s/ Bennett J. Bergman