**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

JENNIFER VALYS

VS. C.A. NO.: 06-137S

GRETA COTTRELL

**JURY INSTRUCTIONS REQUESTED BY DEFENDANT**

In addition, to the Court's usual and customary jury instructions, Defendant, Greta Cottrell herein requests the following instructions to the jury:

1. The Plaintiff has the burden of proving his allegations by a fair preponderance of the evidence. This means simply that where the Plaintiffs evidence is put on one side of the scales of justice it must slightly outweigh contrary evidence on the other side of the scales of justice. A fair preponderance of the evidence is much less than the burden of proof required in a criminal case which is beyond a reasonable doubt. Again, all you must do is see which side of the scales has just a little more weight than the other side.

2. Facts may be proved by circumstantial evidence. Circumstantial evidence consists of proof of facts or circumstances which give rise to a reasonable inference of the truth of the fact sought to be proved. Example: Where there is smoke there is fire. (OR) If you go to sleep at night and there is no snow on the ground and awake the next morning and see snow on the ground, it is inferred that it snowed during the night.

3. The credibility of the witnesses is for you to determine in this case. It is up to you to determine whether a fact is true and whether it is to be taken by you as a fact in this case. It is your duty to give weight and credibility to those witnesses you choose. Which ones do you believe? Do you believe them all? Or do you believe some, or do you only believe part of what some of them say? You must keep in mind of course, the interest a witness may have, or their intelligence, whether they should know about what they are talking about, and their manner of

testifying from the stand, whether they seem to be trying to tell you a truthful story in a frank manner or not. All those things you take into consideration and evaluate their testimony and determine whether or not the fact which may be in conflict in the testimony is true or not. You do not count witnesses, in that the side that has the most witnesses does not necessarily prevail. It is the weight of the credible testimony that counts.

4. Negligence is the doing of something which a reasonable prudent person would not do. Negligence is the breach of duty owed by one person to another person. Negligence is the failure to do something which a reasonably prudent person would do under circumstances similar to those shown by the evidence. Negligence is the failure to use ordinary or reasonable care in carrying out a duty owed to another person. Ordinary or reasonable care is that care which a person or ordinary prudence would use in order to avoid injury to others under circumstances similar to those shown by the evidence.

5. An expert medical witness who has a special knowledge, skill, experience, training and education in a particular profession and science may have his opinion as an expert as to any matter in which he is skilled. In determining the weight to be given, such opinion you should consider the qualifications and credibility of the expert and the reasons given for his opinion. It makes no difference that the doctor's opinion comes from a written report once it is admitted into evidence.

6. You are the judges of the credibility of witnesses and of the weight you will give to the testimony of each. It is your right to consider the appearance of witness on the stand; their manner of testifying; their apparent condor and fairness; their interest or lack of interest; if any, in the outcome of the case; and their apparent intelligence or lack of intelligence. From these, together with all the other facts and circumstances proved at trial, you may determine which of the witnesses are the more worthy of belief.

You are not required to believe something to be a fact simply because a witness has stated it to be a fact, if, in the light of all the evidence, you believe such witness is mistaken or has testified falsely to the alleged fact. If you believe

that any statement of any witness proposes something that is inherently impossible when that statement is considered in light of all the evidence, you may disregard such statement even in the absence of any evidence contradictory of the same.

7. It is the Plaintiffs' burden to prove that the accident was the proximate cause of the injuries and damages for which they sue. This means that Plaintiffs must prove by a fair preponderance of the evidence that the accident in natural or probable sequence, produced the injuries and damages for which they seek to be compensated.

8. If under the Court's instructions you find that Ms. Cottrell is entitled to a verdict against the Plaintiff, you must then award the Plaintiff damages in an amount that will reasonably and adequately compensate her for each of the following elements of claimed loss or injuries provided that you find each was suffered by Plaintiff and proximately caused by the Defendant's act or omission upon which you base your finding of liability. The amount of such award shall include:

a. The reasonable value of medical care, services and supplies reasonably required in the treatment of the Plaintiff;

b. The reasonable and adequate sum to compensate the Plaintiff for any pain and suffering, anxiety or other emotional distress suffered by the Plaintiff which was proximately caused by the Defendant's negligence. No definite standard is prescribed or set by law which will fix reasonable compensation for pain. In making an award for pain and suffering you shall fix the amount being awarded for such pain and suffering in the light of the evidence presented in this case.

9. Plaintiff is entitled to be compensated for the amount of earnings/wages plaintiff was reasonably certain to have earned if she had not been injured in the accident. Jackson v. Choquette & Co., 78 R.I. 164, 80 a.2d 172 (1951).

10. The plaintiff, Greta Cottrell is entitled to be compensated for the conscious pain and suffering that he endured as a result of the incident.

I will define pain and suffering for you. Pain means physical pain, the kind resulting from a physical impact or injury. It includes what we ordinarily think of as physical pain as well as discomfort, stiffness, and restriction of bodily motion that is caused by the pain or discomfort brought about by moving. Pain must be conscious pain, that is, something that the plaintiff was aware of The law does not allow a jury to award damages for pain to a person while that person in unconscious.

11. The defendant, Greta Cotrell, is entitled to be compensated for the pain and suffering she endured as a result of the incident. There is no particular formula by which to compute damages for a plaintiff's pain and suffering. There are no objective guidelines by which you can measure the money equivalent of this element of injury; the only real measuring stick, if it can be so described, is your collective and enlightened conscience. You should consider all the evidence bearing on the nature of the injuries, the certainty of future pain and the severity and likely duration thereof.

In determining what amount to award the plaintiff for pain and suffering, you should consider all of the facts and circumstances proved at trial including:

The type of injuries the plaintiff sustained;

The extent and severity of those injuries;

The length of time the plaintiff sought and received medical treatment;

The nature of the medical treatment plaintiff received;

Whether the plaintiff's injury was temporary or permanent.

You may also consider the testimony of the plaintiff in describing the nature of her pain, the intensity of the pain and how the pain affected the plaintiff's ability to do everyday activities. You may also consider any other evidence showing any objective manifestations of pain such as the medical records, other exhibits and testimony of the witnesses. Proffitt v. Ricci, 463 A.2d 514 (R.I. 1983); Hayhurst v. LaFlamme, 441 A.2d 544 (R.I. 1982); Bruno v. Caianiello, 121 R.I. 913, 404 A.2d 62 (1979); Worsley v. Corcelli, 119 R.I. 260, 377 A.2d 215 (1977); Jacob A. Stern, Stern on Personal Injury Damage, §§2.2-2.3 and 2.7-2.8 (1991).

12. You have probably heard about the level of proof required in a criminal case, which is proof beyond a reasonable doubt. Because this is a civil case we use a different level or standard of proof. Proof beyond a reasonable doubt does not apply in civil cases and you should put that standard out of your thoughts.

13. To carry a burden of proof by a preponderance of the evidence/clear and convincing evidence does not, of course, require proof to an absolute certainty or even a near certainty. Proof to an absolute or near certainty is seldom possible in any case. In a civil action such as this, it is proper to find that a party has succeeded in carrying the burden of proof on an issue if, after considering all the evidence in the case, the jurors believe that what is sought to be proved on that issue is more likely true than not/highly probable to be true.

14. As you listen to these instructions, you may hear me use the expression "if you find", or "if you decide" when I refer to the facts of the case or the evidence. When I do this I will be assuming that you will find certain facts to be proved. I make these assumptions only for the purpose of explaining the law to you and not to suggest how you should decide the case or the facts of the case. My assumptions are for purposes of discussion, in other words. Remember, before you can find something to be true, you must be persuaded, considering all of the evidence in the case, that the proposition at issue has been proved to be more probably true than not. Parker v. Parker, 103 R.I. 435, 238 A.2d 57 (1968); Uncas Manufacturing Co. v. McGrath-Hamin, Inc., 265 F.Supp. 1008 (D.R.I. 1967); Barbieri v. E.M. Young Co., 82 R.I. 382, 110 A.2d 263 *(1954).*

Defendant,
By her Attorney,

/s/ Anthony J. Gianfrancesco____________

Anthony J. Gianfrancesco, Esquire (#2762)
BALUCH, GIANFRANCESCO,
MATHIEU & ALGER
155 South Main Street, Suite 101
Providence, RI 02903
(401) 331-1434

**CERTIFICATION**

The undersigned hereby certify that a true and accurate copy of the above motion to compel answers to interrogatories will be forwarded to Bennett Bergman, Esq. on this 25th day of April, 2007.

/s/ Anthony J. Gianfrancesco