**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

JENNIFER VALYS

VS. C.A. NO.: 06-137S

GRETA COTTRELL

**AMENDED PRE-TRIAL MEMORANDUM**
**OF THE DEFENDANT, GRETA COTTREL**

A. The Defendant Greta Cottrell expects to prove that the alleged injuries of the Plaintiff are the result of the Plaintiff's own comparative/ contributory negligence.

The Defendant, Greta Cottrell will testify that the traffic light controlling her lane of travel was green at the time of the subject accident. She will defend the Plaintiff's claim on liability. She will testify that she was traveling north on route 102 when she came to the intersection of routes 101 and 102. She will testify at that time she had a green light. She will testify that as she continued into the intersection, the plaintiff's vehicle was traveling east and failed to observe the traffic light that was red causing the collision.

An independent witness, Frank Broadfield will testify that he was traveling south on route 102 when the subject accident occurred. He will testify that he did not know which car ran the red light to dispute Plaintiff's allegation that Defendant ran the red light.

Dr. Thomas Morgan is also expected to provide testimony on behalf of the Defendant intending to dispute the nature and extent of Plaintiff's injuries. Dr. Morgan will perform an Independent Medical Examination of the Plaintiff and provide a report. He is expected to testify as an expert witness on behalf of the Defendant. Dr. Morgan is expected to testify that the alleged injuries Plaintiff has suffered were not proximately caused by the subject accident. He is expected to testify that Plaintiff had a prior unrelated back problem and the injuries sustained in the subject accident were soft tissue in nature.

B. Supporting Law- There are no special legal issues present.

**§ 31-13-4 Obedience to devices. –** The driver of any vehicle shall obey the instructions of any official traffic control device applicable to him or her placed in accordance with the provisions of chapters 12 – 27 of this title, unless otherwise directed by a traffic or police officer, subject to the exceptions granted the driver of an authorized emergency

vehicle in those chapters. Violations of this section are subject to fines enumerated in § 31-41.1-4.

C. Defendant's Intended Exhibits for Trial:

a. Independent Medical Examination report of Dr. Thomas Morgan will be offered as an exhibit at trial for the purpose of disputing the nature and extent of plaintiff's alleged injuries.

b. Defendant intends on filing a Motion in Limine regarding the police report prepared by the Scituate Police Department.

c. Proposed Jury Instructions. See Attached.

d. Anticipated length of the trial with regard to Defendant's case is 2-3 days.

e. Special issues/concerns: Plaintiff has made no demand to date. Plaintiff has been slow to provide requested medical records. Plaintiff has only very recently provided a report with regard to the alleged permanency of plaintiff's injuries. Defendant takes the position that the records provided to date substantiate a soft tissue injury. At present posture, the estimated value of plaintiff's claim is $15,000.00-$25,000.00. Plaintiff is demanding the policy limits of $250,000.00. In light of the Plaintiff's failure to provide the requested medical documentation required to substantiate the extent of the injuries, Defendant is hard pressed to properly evaluate the plaintiff's claim.

Defendant,
By her Attorney,

/s/ Anthony J. Gianfrancesco

Anthony J. Gianfrancesco, Esquire (#2762)
BALUCH, GIANFRANCESCO,
MATHIEU & ALGER
155 South Main Street
Providence, RI 02903
(401) 331-1434

**CERTIFICATION**

I hereby certify that I mailed a copy of the within to, Bennett Bergman, 750 East Avenue, Pawtucket, Rhode Island 02860 on this 25th day of April, 2007.

/s/ Anthony J. Gianfrancesco